**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THERESA KUBIAK and
JOANN STEVENSON,

      Plaintiffs,

v.                                                             Case No. 07-CV-14261-DT

MEDICAL STAFFING NETWORK, INC.,

      Defendant.
                                         /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
MEDICAL STAFFING NETWORK, INC.'S "MOTION FOR PARTIAL SUMMARY
JUDGMENT"**

Before the court is Defendant Medical Staffing Network, Inc.'s "Motion for Partial Summary Judgment." This motion has been fully briefed and the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny in part and grant in part Defendant's motion.

**I. BACKGROUND**[1]

Medical Staffing Network ("MSN") is a Delaware corporation, with its principal place of business located in Boca Raton, Florida. (Def.'s Mot. at 2, ¶ 1.) Around

---

[1] The court notes, as Defendant's Reply raises, that Plaintiffs did not comply with the court's December 21, 2007 Scheduling Order, requiring "[t]he response to a Rule 56 Motion . . . begin with a 'Counter-statement of Material Facts' if any of the moving party's proffered facts are contested. The paragraph numbering must correspond to the first Statement of Facts." The court reminds all parties that failure to comply with the straightforward language of the Scheduling Order could result in uncontested facts being deemed admitted. Because Plaintiffs do appear to substantially comply with the court's format request, however, the court will exercise the discretion granted by Federal Rule of Civil Procedure 16(f) and not impose the harsh sanction outlined in the Scheduling Order.

October, 2000, MSN acquired American Anesthesia Services, located in Walled Lake, Michigan. (*Id.* at ¶ 3.) Plaintiffs Theresa Kubiak and Joann Stevenson were both employees of American Anesthesia Services and became employees of MSN's Branch 184 as a result of the acquisition. (*Id.* at ¶ 4.)

In late 2002, MSN employees created a budget for the approaching 2003 fiscal year. (*Id.* at ¶¶ 6, 8.) At approximately the same time, MSN entered into compensation contract negotiations with Plaintiffs for their 2003 compensation. (*Id.* at ¶ 10.) Plaintiffs' contracts provided a base salary and participation in a "Bonus Plan." (*Id.* at ¶¶ 11-12; Exs. D, E.) The bonus plan allowed Plaintiffs to "receive a percentage of the quarterly net income that meets or exceeds budget . . . ." (*Id.* at Exs. D, E.)[2] Later in 2003, and prior to the start of MSN's fiscal third quarter, the budget for Branch 184 was substantially revised. (*Id.* at ¶ 13.) This revision significantly reduced budget goals for Branch 184 during fiscal quarters three and four, while leaving the budget figures for quarters one and two – which had already occurred – unchanged. (*Id.* at ¶ 14.) In addition, MSN adopted an "adding back" policy around the beginning of fiscal quarter three. (*Id.* at ¶ 15.) This policy had the effect of calculating branch net income before bonuses were paid; in effect "adding back" the bonus payments so that employees collecting commission-based salaries would not be affected by bonuses paid to other employees. (*Id.*)

Based on the budget in place at the end of quarter one, Kubiak was paid $17,792.00. (*Id.* at Ex. F.) At the same time, Stevenson was paid $15,012.88. (*Id.* at

---

[2] Plaintiffs' contracts are nearly identical, except that the two contracts include different amounts for the base salary and a different percentage of quarterly net income as a bonus. Neither difference is relevant to the resolution of Defendant's current motion.

Ex. G.) The amount of the first quarter payments are not in dispute. (Compl. at 6, ¶¶ 25-26.) In subsequent quarters, however, Plaintiffs contend they were underpaid the amounts due to them under their respective compensation agreements. (*Id.* at 7-9.) Plaintiffs argue their compensation agreements guarantee a portion of income based on the "original budget," the budget in place at the time both Plaintiffs signed their compensation agreements. (*Id.* at 7-9, ¶¶ 29, 36, 39.) Kubiak, accounting for amounts already paid, calculates this amount to be $104,209.84. (*Id.* at Ex. 3.) Similarly, Stevenson calculates MSN still owes her $47,360.08. (*Id.* at Ex. 4.)

MSN's current motion offers two alternative interpretations of the compensation agreements, either of which finds Plaintiffs due significantly less money. Under MSN's first interpretation, the word "budget" in the compensation agreement should be interpreted to mean "actual net income." (Def.'s Mot. at 8.) Under this interpretation, MSN states Plaintiffs "were, in fact, paid more than they were guaranteed." (*Id.*) In the alternative though, and as the basis for summary judgment, MSN argues that the word "budget" was understood by all parties to mean the revised budget, adopted near the start of the third quarter. (*Id.*) MSN's partial summary judgment motion seeks to limit Plaintiffs' breach of contract damage claims, collectively, to $64,377.28,[3] the difference between the amount they were actually paid and the amount they were due under this revised budget. (*Id.* at 7, ¶ 20.)

## II. STANDARD

---

[3] Using MSN's calculations, the recovery cap is calculated as a shortfall of $44,264.90 due Kubiak, and $20,112.38 due Stevenson. (*Id.* at 13, n. 5.)

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'").

Under the long-standing *Erie* doctrine, in actions brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located. *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007) (citing *Equitable Life Assurance Soc'y of the U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998)).

## III.  DISCUSSION

### A. Meaning of "Budget" in Compensation Agreements

MSN's motion requires the interpretation of the contract term "budget."  (Def.'s Mot. at 7, ¶ 20.) There is no explicit language in either compensation agreement to define or give specific meaning to the term "budget."  In interpreting contractual language, the court must determine the "intent of the parties by examining the language of the contract according to its plain and ordinary meaning."  *In re Smith Trust*, 745 N.W.2d 754, 757-58 (Mich. 2008).  If the language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law.  *Id.* at 758.  A contract's language may be ambiguous if its words may reasonably be understood in different ways.  *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 414 (Mich. Ct. App. 1998) (internal citations omitted).  If the meaning of an agreement is ambiguous or unclear, the trier of fact is to determine the intent of the parties.  *Id.*  But "[c]ourts are not to create ambiguity where none exists." *Id.*

MSN, as the movant, seeks a determination that the word "budget" in the Plaintiffs' compensation agreements has only one plain and ordinary meaning, "actual budget."  (Def.'s Mot. at 7, ¶ 20.)  While that interpretation seems within the bounds of reason, MSN takes the interpretation one step further, asserting that the plain meaning of "actual budget" is in fact "revised budget."  (*Id.*)  In doing so, MSN has effectively demonstrated that their interpretation of "budget" may encompass more than one meaning, lending it the very ambiguity a motion for summary judgment cannot resolve. *UAW-GM Human Res. Ctr.*, 579 N.W.2d at 414.  The word "budget" cannot remain

5

unambiguous and also mean both the actual budget in place when the contracts were signed on January 17, 2003, (Def.'s Mot., Exs. D, E), and the revised budget that came into existence in June 2003. (*Id.*, Ex. Ex. B, p. 144, lines 7-14.)  Beyond that, Plaintiffs, through their responsive motion, argue that "budget" can only mean "original budget." (Pls.'s Resp. at 14).  In light of Plaintiffs' argument, it appears that there were at least two possible interpretations of the word "budget" in place when the compensation agreements were negotiated and signed.  While the court cannot decide which interpretation is more correct – that is the trier of fact's role, *UAW-GM Human Res. Ctr.*, 579 N.W.2d at 414 – the court can and does find  that either understanding could be found by a preponderance of the evidence by a reasonable jury, making a motion for summary judgment inapposite. *Anderson*, 477 U.S. at 252.

Nor is the court creating ambiguity where none exists, *UAW-GM Human Res. Ctr.*, 579 N.W.2d at 414, as consideration of each party's principal arguments demonstrates.  MSN argues that Plaintiffs always understood "budget" to mean "revised budget," because to find otherwise would have created a unfair performance standard for Plaintiffs.  (Def.'s Mot. at 11.)  MSN was planning on installing a new, more efficient computer system at Plaintiffs' branch.  (*Id.*)  The original budget accounted for this new system and set significantly higher financial goals for the branch than the previous year. (*Id.*)  Because the new system was never implemented, MSN argues Plaintiffs would have been held to these new, unreachable financial goals if not for the revised budget. (*Id.*)  Plaintiffs, on the other hand, argue that tying their compensation to the possibility of a budget revision would give their employer an unfettered ability to decrease employee bonuses on a whim.  (Pls.'s Resp. at 14.)  In this summary judgment posture,

it is enough to say that neither theory is unreasonable, and at a minimum demonstrates the type of genuine issue of material fact which makes the motion for partial summary judgment capping damages, based on the revised budget, inappropriate. *Anderson*, 477 U.S. at 252.

**B. Applicability of "Add Back" Policy**

MSN also asserts that, around the end of their second fiscal quarter of 2003, the company adopted a policy of "adding back" bonuses paid to the net income of each branch. (Def.'s Mot. at 12.) The policy was implemented to ensure employees with compensation based on their branch's net income would not be penalized for the bonus payments to others at the same branch. (*Id.*) MSN offers the deposition testimony of Stevenson, who agreed with the proposition that the "add back" policy was not in place during fiscal quarters one and two of 2003. (Def.'s Mot., Ex. C, p. 148, lines 1-16.) Stevenson further agreed that neither Kubiak or herself were entitled to "add back" compensation for fiscal quarters one or two of 2003. (*Id.*) Plaintiffs' Response does not address these explicit admissions, nor do Plaintiffs offer any facts or argument to oppose the timing of the policy's implementation. As such, the court finds there is no genuine issue of material fact for trial, and thus entry of summary judgment is appropriate on the discrete issue of whether Plaintiffs are entitled to "add back" compensation for fiscal quarters one and two of 2003.

## IV. CONCLUSION

IT IS ORDERED that "Defendant, Medical Staffing Network, Inc.'s Motion for Partial Summary Judgment" [Dkt. #26] is DENIED IN PART. Specifically, it is denied to the extent it seeks to limit Plaintiffs' damages with reference to the budget as revised around the start of fiscal quarter three of 2003.

Further, Defendant's motion is GRANTED IN PART. Specifically, it is granted with respect to Plaintiff's non-eligibility for "add back" compensation in fiscal quarters one and two of 2003.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: September 16, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2008, by electronic and/or ordinary mail.

                                      s/Lisa G. Wagner
                                      Case Manager and Deputy Clerk
                                      (313) 234-5522